**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JONATHAN EMANUEL WILLIAMS,

    Plaintiff,

vs.                                                          Case No. 3:14-cv-97-J-32JRK

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO E.A.J.A.**

    This case is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 23). The Commissioner filed a response opposing the amount of the requested award (Doc. 24). With leave of Court, plaintiff filed a reply (Doc. 27) in which his counsel agrees to a partial reduction, but also seeks additional hours for filing the reply.

    Upon review of the parties' papers, the Court makes the following legal and factual findings:

    (1)    Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. §2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

(2)	The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

(3)	The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $188.89 for attorney time.  The Commissioner questions the basis for the plaintiff's requested hourly rate of $80.00 for paralegal time.  Plaintiff did not address this in the reply except to say that time spent by paralegals saves time spent by attorneys, thereby reducing the total fee award.  The Court recently awarded $75.00 per hour for paralegal time, an amount the Court finds to be reasonable.[1]

(4)	Plaintiff initially sought an award based on 40.80 hours of attorney time and 10.40 hours of paralegal time.  The Commissioner contends that the amount of hours is unreasonable because there is duplication of work, time spent due to inexperience, and requests for recovery of clerical work. The Commissioner requests that the Court reduce the amount of attorney hours by 3 and the paralegal hours by 8.50.  In his reply, plaintiff agrees

---

[1]The Eleventh Circuit authorizes the payment of paralegal fees under EAJA where, as plaintiff's counsel represents is the case here, the paralegal has performed work that would otherwise be performed by an attorney.  See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988).

that .60 hours of paralegal time spent on clerical matters should not be compensable but he requests an additional 2 hours for time spent by an attorney preparing the reply;[2] thus, plaintiff is now seeking 42.80 hours in attorney time and 9.80 hours of paralegal time.  Upon review of plaintiff's counsel's time records and the parties' briefs, the Court finds that the time spent by attorneys and paralegals on this case up through the final decision was reasonable– the record was inordinately large (1174 pages), the issues briefed were well researched and presented, and there does not appear to be waste or duplication.[3]  However, as plaintiff concedes, the parties could have done a better job of conferring about the motion for attorney's fees, as is required by Local Rule 3.01(g).  See Doc. 27 at n.2.  Both sides spent too much time on a matter that they likely could have worked together to resolve so that plaintiff could have filed an unopposed motion.  For this reason, the Court declines to award any fee for the preparation of the attorney's fee petition or for the filing of the reply.  Thus, in addition to the .60 hours of paralegal time that plaintiff concedes should not be compensable, the Court deducts 2 hours of attorney time for the filing of the reply, 1.5 hours of attorney time for preparing the fee petition, and 2.4 hours of paralegal time spent on the fee petition.

(5) The Court finds that $7,978.38 ($188.89 x 39.3 hours plus $75.00 x 7.4 hours) is a reasonable fee in this case.

---

[2]Plaintiff's counsel spent 4.8 hours drafting the reply but is only seeking recovery for 2 hours of that time.  See Doc. 27 at 4.

[3]This distinguishes this case from others.  Thus, the amount awarded here, more than in the average case, should not be used as precedent in future cases.

(6)     Plaintiff additionally seeks recovery of $4.81 in costs for certified mail service, an amount which the Court finds is reasonable.  At the Commissioner's request, the Court will categorize this as an "expense," not a "cost."  See Response, Doc. 24 at 2, n.1.

(7)     The motion includes an affidavit and waiver of direct payment executed contract between plaintiff and her counsel authorizing the Commissioner to pay the attorney fees directly to plaintiff's counsel.  See Doc. 23-2.  By agreement of the parties, the government will pay the fees directly to plaintiff's counsel if the U.S. Department of Treasury determines that plaintiff does not owe a federal debt.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Attorney's Fees (Doc. 23) is **granted in part and denied in part** as stated above.  The Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of $7,978.38 in attorney's fees plus $4.81 in expenses for a total award of **$7,983.19**.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of August, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies to:

Suzanne L. Harris, Esq.
John F. Rudy, III, Esq. (AUSA-Tampa)